UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID BASSETT,

        Petitioner,

                                      CASE NO. 2:15-CV-13506
v.                                    HONORABLE SEAN F. COX

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Michael David Bassett ("Petitioner"), through counsel, has filed a petition for a writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to assault with intent to murder, MICH. COMP. LAWS § 750.83, and first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), in the St. Clair County Circuit Court and was sentenced, as a second habitual offender, MICH. COMP. LAWS § 769.10, to consecutive terms of 281 months to 70 years imprisonment and 118 months to 30 years imprisonment in 2011. In his pleadings, he asserts that his plea was involuntary and illusory, that the trial court violated due process by refusing to allow him to withdraw his plea, and that appellate counsel was ineffective for failing to raise such federal issues on appeal. For the reasons stated, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II. Facts and Procedural History

Petitioner's convictions arise from an incident on September 21, 2010 in which he entered the St. Clair County home of his children's mother without permission, armed himself with a hatchet from her garage, and brutally assaulted her in an effort to kill her. On March 8, 2011, Petitioner pleaded guilty as charged to assault with intent to murder and first-degree home invasion, as well as his second habitual offender status. In exchange, the prosecution agreed not to seek consecutive sentencing and not to seek to exceed the guidelines. During the plea colloquy, the trial court told Petitioner that he could not be sentenced that day because his sentence would be determined after a review of the sentencing guidelines and the pre-sentence reports. The court advised Petitioner that no one could promise him what his sentence would be, that the court would not accept a guilty plea conditioned upon a specific sentence, and that he would not be able to withdraw his plea simply because his sentence was different from what someone suggested. Petitioner indicated that he understood such matters. Plea Hrg. Tr., pp. 5-6. The court also advised Petitioner of the maximum sentences that he faced and that the court was not making any promises as to sentencing other than to be fair and follow the law. Petitioner again acknowledged his understanding. *Id*. at pp. 8, 11.

On April 11, 2011, the trial court sentenced Petitioner, as a second habitual offender, within the guidelines to consecutive terms of 281 months to 70 years imprisonment on the assault with intent to murder conviction and to 118 months to 30 years imprisonment on the first-degree home invasion conviction. The court indicated that it was imposing consecutive sentences due to the brutality and nature of the crime and its impact on the victim, her children, and the families of both parties. Sent. Hrg. Tr., pp. 11-15.

Petitioner, through appellate counsel, subsequently moved to withdraw his plea asserting

that he should be allowed to do so because the parties had a *Killebrew* agreement that he would not be given consecutive sentences but the court did not sentence him in accordance with that agreement. Following a hearing on September 6, 2011, the trial court denied Petitioner's motion. Motion Hrg. Tr., pp. 6-8. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claim, which was denied for lack of merit in the grounds presented. *People v. Bassett*, No. 306305 (Mich. Ct. App. Nov. 23, 2011) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Bassett*, 810 N.W.2d 570 (Mich. 2012).

Petitioner subsequently filed a motion for relief from judgment with the state trial court asserting that his plea was involuntary and illusory and that appellate counsel was ineffective. The trial court denied the motion pursuant to Michigan Court Rule 6.508(D)(2) and on the merits finding that the prosecutor complied with the terms of the plea agreement, that the plea was knowing and voluntary and that appellate counsel was not ineffective. *People v. Bassett*, No. W:10-002520-FC (St. Clair Co. Cir. Ct. March 19, 2014). Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals which was denied pursuant to Michigan Court Rule 6.508(D)(2). *People v. Bassett*, No. 323437 (Mich. Ct. App. Oct. 14, 2014). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied pursuant to Michigan Court Rule 6.508(D). *People v. Bassett*, 866 N.W.2d 428 (Mich. 2015).

Petitioner thereafter filed his federal habeas petition raising the same claims that he presented to the state courts on collateral review. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

**III.     Standard of Review**

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002)).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21

(citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the

state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court'") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Lastly, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

In this case, the state trial court denied Petitioner's motion for relief from judgment pursuant to Michigan Court Rule 6.508(D)(2) and on the merits finding that the prosecutor complied with the terms of the plea agreement, that the plea was knowing and voluntary and not illusory, and that

6

appellate counsel was not ineffective. The Michigan Court of Appeals and the Michigan Supreme Court both denied leave to appeal. For the reasons that follow, the Court concludes that the state courts' decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

## IV. Analysis

### A. Involuntary and Illusory Plea Claims

Petitioner first asserts that he is entitled to habeas relief because his guilty plea was not knowing and voluntary. As part of this claim, he also asserts that the plea was illusory and that the trial court violated due process by refusing to allow him to withdraw his plea. Respondent contends that these claims lack merit.

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749.

In this case, the state court record reveals that Petitioner's plea was knowing, intelligent, and

---

[1]The Court would reach the same result under a de novo standard of review.

voluntary. Petitioner was 36 years old at the time of his plea and had a high school education with some community college classes. He also worked as a power plant operator for 12 years prior to his arrest. As a repeat offender, he was familiar with the criminal justice system. There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The parties discussed the charges, the terms of the plea agreement, and the consequences of the plea. Petitioner indicated he understood the plea agreement, that he wanted to plead guilty, that he had not been threatened or promised anything other than what was included in the plea agreement, and that he was pleading guilty of his own free will. Petitioner has not shown that his plea was involuntary. The fact that he was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757.

Petitioner asserts that his plea was unknowing and involuntary because he believed that he would receive concurrent rather than consecutive sentences. The record, however, reveals that the parties and the trial court discussed the terms of the plea bargain and its consequences at the plea hearing. The plea bargain included the prosecutor's agreement not to seek consecutive sentences and not to seek to exceed the guidelines. The trial court reviewed the charges and the maximum possible penalties. The court also specifically informed Petitioner that no one could make any promises to him as to what his sentence would be, that it would not accept a guilty plea that was conditioned upon him receiving a particular sentence, and that he would not be allowed to withdraw his plea if his sentence was different from what someone suggested it would be. Petitioner

8

confirmed that he understood such matters and that it was his desire to plead guilty. He is bound by those statements. As aptly stated by the United States Court of Appeals for the Sixth Circuit when faced with a challenge to a plea bargain based upon an alleged off-the-record agreement:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). The plea colloquy shows that Petitioner understood the terms of his plea agreement and that he pleaded guilty of his own free will. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary.

Petitioner also asserts that his plea was illusory and implies that the prosecutor failed to honor the plea agreement. The term "illusory" has been defined as "Deceptive; based on a false impression." Black's Law Dictionary (10th Ed. 2014). An illusory plea bargain is one that offers no real benefit to the defendant. *Johnson v. Michigan Parole Bd.*, No. 2:11-CV-11674, 2012 WL 6853535, *12 (E.D. Mich. Dec. 6, 2012) (citing *United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000)). If a prosecutor's promise is illusory, then the plea is involuntary and unknowing. *Randolph*, 230 F.3d at 250-51.

In *Santobello v. New York*, 404 U.S. 257, 262 (1971), the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello* only

9

applies to promises that induce a defendant to enter the plea. *Mabry v. Johnson*, 467 U.S. 504, 507-08, 510 (1984). Furthermore, the prosecution is held only to the literal terms of the plea agreement. *United States v. Packwood*, 848 F.2d 1009, 1012 (9th Cir. 1988). A federal habeas court should not "'lightly find misrepresentation in a plea agreement.'" *Myers v. Straub*, 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001) (quoting *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000)).

Petitioner fails to show that the plea was illusory or that the prosecutor breached any promise or agreement. Petitioner received a benefit for his bargain – the prosecutor agreed not to seek consecutive sentences and not to seek to exceed the guidelines at the time of sentencing. The prosecutor complied with those promises at sentencing. Neither the prosecutor nor the trial court told Petitioner that he would actually be given concurrent sentences. At the plea hearing, the trial court reviewed the maximum sentence for each offense, reviewed the terms of the plea agreement, and explained that there was no agreement as to any specific sentence. While Petitioner may have anticipated or hoped for concurrent sentencing, no such promise was made to him. Petitioner is not entitled to habeas relief based upon his purported subjective understanding of the plea agreement when his version conflicts with the plea hearing record. *See Mabry,* 467 U.S. at 510-11. The fact that the trial court subsequently determined that consecutive sentences, rather than concurrent sentences, were appropriate does not mean that the plea was illusory or that the prosecutor failed to honor the terms of the plea agreement.

Lastly, to the extent that Petitioner asserts that the trial court erred in denying his plea withdrawal motion, he is not entitled to relief. Such a claim is not cognizable on habeas review because it is a state law claim. A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*,

10

76 F.3d 378 , 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); *see also Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Habeas relief is therefore not warranted on these claims.

### B. Ineffective Assistance of Appellate Counsel Claim

Petitioner also asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise his collateral review claims on direct appeal. Respondent contends that his claim lacks merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's

errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*. To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

With regard to appellate counsel, it is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy …. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

In this case, Petitioner fails to show that by omitting the claims presented in his motion for

relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel raised a substantial challenge to the plea on direct appeal. None of the other claims subsequently raised by Petitioner are "dead-bang winners." Moreover, even if appellate counsel erred, Petitioner cannot show that he was prejudiced by counsel's conduct given the state trial court's determination and this Court's determination that the underlying claims lack merit. Appellate counsel cannot be ineffective for failing to raise issues that lack merit. *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010); *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Petitioner fails to establish that appellate counsel was ineffective. Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner fails to make

a substantial showing of the denial of a constitutional right as to his claims. The Court, therefore, **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

                                          s/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: June 29, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2017, by electronic and/or ordinary mail.

                                          s/Jennifer McCoy
                                          Case Manager